MEMORANDUM **
A Jury convicted Appellant Jama Mohamed Absiya of possession with intent to distribute a controlled substance, cathi: none (“khat”) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). The district court sentenced Absiya to two years of probation and imposed a $100 special assessment. On appeal, Absiya challenges the district court’s decision to admit certain evidence relating to his pre-arrest conduct. The parties are familiar with the facts; we proceed to the law.
The admissibility of “other acts” evidence is governed by Fed.R.Evid. 404(b). *241 Rule 404(b) restricts the admission of evidence of other crimes, wrongs, or acts to prove the character or criminal propensity of a defendant. Fed.R.Evid. 404(b). Absi-ya argues that Rule 404(b) should have barred the admission of evidence relating to an altercation which ultimately led to Absiya’s arrest. The contested evidence primarily consists of the testimony of police officers describing the arrest and the testimony of the employees of a Shell station who were present during the altercation.
Although Absiya’s Rule 404 arguments are persuasive, it is unlikely that the alleged erroneous admission of testimony materially affected the verdict. See United States v. Gonzalez-Flores, 418 F.3d 1093, 1099 (9th Cir.2005). The record does not support Absiya’s claim that evidence of the altercation or of the arrest caused the jury to find that Absiya had possession with intent to sell khat. The evidence supports the government’s claim that the jury decided the case based on the fact that a substantial amount of khat was found in Absiya’s car, coupled with Absi-ya’s post-Miranda statements and his testimony during cross-examination. The district court did not commit reversible error in admitting the evidence.
The judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.